### 740. CENTRAL OF GEORGIA RAILWAY CO. *v.* CLAY.

The trial judge fairly presented the case to the jury; and the evidence fully justified the verdict.

Action for damages, from city court of Polk county—Judge Irwin. August 8, 1907.

Argued December 11,—Decided December 20, 1907.

*Joel Branham, John K. Davis,* for plaintiff in error.
*Bunn & Bunn, W. H. Trawick,* contra.

POWELL, J.  We shall not attempt to report the facts at length; the record is voluminous, but the contentions easily narrow themselves down to one or two points. Indeed, we might, by an application of section 5488 of the Civil Code, refuse to consider the assignments of error; for the brief of the evidence is violative of the spirit, if not the letter, of that section. Still, we have waded through it, material parts as well as the immaterial, have examined the charge and the exceptions thereto, and nowhere find reason for reversing the judgment. The plaintiff was a passenger on a freight-train and was thrown from the seat he was occupying in the cupola of the caboose, as he contended, by a jerk, or by the collision of the cars on the forward part of the train with those in the rear. His arm was broken. The defendant pleaded that the fall was occasioned by no negligence on its part, but by reason of the fact that the plaintiff, being drunk, fell; also that the plaintiff was out of his proper place as a passenger, that he should have seated himself in the lower part of the cab and not in the cupola; that by the exercise of ordinary care he could have avoided the injury. The trial judge plainly instructed the jury that the plain-

tiff could not recover if negligence of the defendant was not the proximate cause of the injury, or if by ordinary care he himself could have avoided the injury. As to the defense that the plaintiff was out of his proper place by being in the cupola the evidence was conflicting. The plaintiff's testimony indicated that while on the lower floor of the car were certain boxes or tool chests, the tops of which were covered with oilcloth or something of that kind, so as to make seats there, yet on the occasion in question these were covered with rubbish; that he and another passenger, with the acquiescence of the conductor, occupied seats in the cupola. The defendant's testimony tended to show that the seats in the lower part of the car were available, and that those in the cupola were intended for the trainmen and not for passengers. At the defendant's request the court charged the jury: "If you should find that there was no necessity for the plaintiff to go into the cupola, and that his injury was caused on account of his being there, and would not have occurred if he had been on a seat in the caboose, he is not entitled to recover, and you should find for the defendant," but added the following: "I will put a condition to that request, gentlemen: If you should find that his being in the cupola was the cause of his injury, and that it was negligence on his part to be in the cupola, then you will find for the defendant, if you should find that there were seats provided in the caboose for him." The qualification was proper. Under the circumstances the judge properly left to the jury the question whether it was negligent for the plaintiff to be in the cupola. Mere absence of necessity for his going there did not per se make it negligent for him to do so. The evidence, though conflicting, fully justified the small recovery which the plaintiff obtained.  *Judgment affirmed.*